**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTINA HULIK, ROBERT HULIK and NATALIYA HULIK, on behalf of themselves and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>KATIE STYLIANOU, ESQ.; and JOHN DOES 1-25.<br><br>Defendant(s). | Civil Case No.:_____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

The mailing addresses of the parties to this action are:

CHRISTINA HULIK
126 Prospect Street, Apt. B
Paramus, New Jersey 07652

ROBERT HULIK
126 Prospect Street, Apt. B
Paramus, New Jersey 07652

NATALIYA HULIK
126 Prospect Street, Apt. B
Paramus, New Jersey 07652

KATIE STYLIANOU, ESQ.
50 E. Ridgewood Avenue, #395
Ridgewood, New Jersey 07450

**PRELIMINARY STATEMENT**

1.      Plaintiffs, CHRISTINA HULIK, ROBERT HULIK and NATALIYA HULIK, on behalf

of themselves and all others similarly situated (hereinafter "Plaintiffs") by and through

their undersigned attorney, alleges against the above-named Defendant, KATIE

STYLIANOU, ESQ. (hereinafter "STYLIANOU"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

2.     Plaintiffs brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3.     The Plaintiffs allege that STYLIANOU'S collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

4.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection  practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.

5.      Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.

6.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation  The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be Judged from the standpoint of the "least sophisticated consumer" *Clomon* v. *Jackson,* 988 F.2d 1314 (2d Ctr. 1993).

7.    To prohibit deceptive practices, the FDCPA, at 1S U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §§ I692e(1)-(16).    Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, IS U.S.C. §1692e(2)(A); false representation concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 1 5 U S.C. §1692e(2)(B); threatening to take any action that cannot be legally taken or that is not intended to be taken, 15 U.S.C. §1692e(5): and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. §l692e(10).

8.    To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U .S.C. §§ 1692f(l )-(8).

9.    The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

11.    Venue is proper in this district under 28 U.S.C. § 1391(b) because jurisdiction is not founded solely on diversity of citizenship and one of the Plaintiffs resides in this jurisdiction.

## PARTIES

12.    Plaintiff,  CHRISTINA HULIK, is a natural person and a resident of Bergen County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

13.    Plaintiff, ROBERT HULIK, is a natural person and a resident of Bergen County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

14.    Plaintiff, NATALIYA HULIK, is a natural person and a resident of Bergen County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

15.    KATIE STYLIANOU, ESQ., list an office at 50 E. Ridgewood Avenue, #395, Ridgewood, New Jersey 07450.

16.    John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## ALLEGATIONS OF FACT

17.    At all times relevant, the principal purpose of MCS was the collection of debts using the mails and telephone.

18.    At all times relevant, STYLIANOU regularly attempted to collect debts alleged to be due to another.

19.    At all times relevant, STYLIANOU regularly collected or attempted to collect debts due or alleged to be due another.

20.    At all times relevant, STYLIANOU regularly collected or attempted to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

21.     At all times relevant, STYLIANOU used the mail, telephone or other instruments of interstate commerce in its attempts to collect debts due or alleged to be due another.

22.     At all times relevant, STYLIANOU used the mail, telephone, email  or other instruments of interstate commerce in its attempts to collect consumer debts owed or due or asserted to be owed or due another.

23.     At all times relevant, the principal business engaged in by STYLIANOU was the collection of debts, which debts were incurred primarily for personal, family or household purposes.

24.     STYLIANOU is a "debt collector" within the scope of the definition contained in 15 U.S.C. § 1692a(6) and interpretations thereof.

25.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

26.     Plaintiff and others similarly situated are consumers as they are natural persons allegedly obligated to pay a debt, in, which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

27.     On or before October 7, 2021, Plaintiffs incurred financial an obligation to Paul Stramberg ("STRAMBERG").

28.     Prior to October 7, 2021, the obligation(s) to STRAMBERG went into default.

29.     At some time prior to October 7, 2021, the Plaintiffs' debt(s) to STRAMBERG were placed with STYLIANOU for the purposes of collection.

30.     At the time the STRAMBERG obligations were placed with STYLIANOU the debt was in default.

31.     STYLIANOU sent Plaintiffs a letter dated October 7, 2021, a copy of which is attached as Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ.

P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiffs' privacy.

32.     Upon receipt, CHRISTINA HULIK read the October 7, 2021 letter.

33.     Upon receipt, ROBERT HULIK read the October 7, 2021 letter.

34.     Upon receipt, NATALIYA HULIK read the October 7, 2021 letter

35.     STYLIANOU'S October 7, 2021 letter was an attempt to collect an amount allegedly due to STRAMBERG.

36.     The October 7, 2021 letter stated that the amount that Plaintiffs owed STRAMBERG was $1,575.00.

37.     The October 7, 2021 letter stated in the third paragraph:

```
YOU ARE HEREBY ADVISED that I am an attorney at law who has been retained
by the above referenced client to legally enforce your outstanding debt.

A review of your file shows that you have received numerous letters and
telephone messages regarding this matter. Your failure to respond has
necessitated this next course of action and caused your file to be placed
in lawyer review.

Your continuing refusal to satisfy this obligation will leave our client
with no choice but to pursue more serious remedies, including legal redress.
We urge you at this time to make IMMEDIATE payment in full, as per FDCPA
Sections 807, 809 and avoid the consequences of non-payment. Please forward
immediate payment in full to our office so that this matter may conclude
without additional complications.  Failure to make immediate payment may
result in significant costs and penalties being added to your existing
balance, and may cause my client to exhaust additional legal remedies.
Payment in full is now required.
```

38.     Section 807 of the Fair Debt Collection Practices Act – 15 U.S.C. §1692e provides that a *debt collector* may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39.     Section 807 of the Fair Debt Collection Practices Act – 15 U.S.C. §1692e, places no obligation for a consumer to make an IMMEDIATE payment in full.

40.    Section 807 of the Fair Debt Collection Practices Act – 15 U.S.C. §1692e, does not create or place any consequences on a consumer who fails to make an IMMEDIATE payment in full.

41.    Section 809 of the Fair Debt Collection Practices Act – 15 U.S.C. §1692g provides that a *debt collector* must within five (5) of its initial communication with a consumer send certain validation notices to said consumer.

42.    Section 809 of the Fair Debt Collection Practices Act – 15 U.S.C. §1692e, places no obligation for a consumer to make an IMMEDIATE payment in full.

43.    Section 807 of the Fair Debt Collection Practices Act – 15 U.S.C. §1692e, does not create or place any consequences on a consumer who fails to make an IMMEDIATE payment in full.

44.    The October 7, 2021 letter threatens to add significant costs and penalties to the debt if payment is not made immediately.

45.    Significant costs and penalties in the event payment is not made immediately is not provided for in the agreement creating the debt or permitted by law.

46.    On October 26, 2021, STYLIANOU sent an email address to Mr. and Mrs. Hulik.

47.    The October 26, 2021 email did not include any disclosures pursuant to 15 U.S.C. §1692g(a) *et seq*.

48.    The October 26, 2021 email did not state that the communication was from a debt collector.

49.    The October 26, 2021 email did not state that any communication was an attempt to collect a debt and that information obtained would be for the purpose.

50.     On October 29, 2021, Plaintiffs through the attorney dispute the debt in writing and request verification.  A copy of said dispute letter is annexed hereto as Exhibit B.

51.     On November 2, 2021, *via* email, STYLIANOU responded to said dispute and provided certain invoices.  Said response is annexed hereto as Exhibit D.

52.     The total amount allegedly due on said invoices is $1,450.00.

53.     CHRISTINA HULIK is not responsible for any obligation that may be owed by ROBERT HULIK.

54.     CHRISTINA HULIK is not responsible for any obligation that may be owed by NATALIYA HULIK.

55.     Within the period beginning on the day one year prior to the date this Complaint is filed to the present, STYLIANOU sent collection letters attempting to collect debts to more than 40 consumers residing within the State of New Jersey, which contained the same as or similar to language to the October 7, 2021 letter.

56.     STYLIANOU knew or should have known that her actions violated the FDCPA.

57.     STYLIANOU could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ACTION ALLEGATIONS

58.     Plaintiffs brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

59.     This Action is properly maintained as a class action.  The Class is initially defined as follows:

> All New Jersey consumers who were sent letters and/or notices from STYLIANOU, concerning a debt owed to another, which included the alleged conduct and practices described herein.
>
> The Class period begins one year to the filing of this Action.
>
> The class may be subsequently refined.
>
> Specifically excluded from this class is any Judge presiding over this Action and members of their immediate families.

60.     Plaintiffs seeks to recover statutory damages, attorneys' fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

61.     The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

62.     There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals.  These common questions include, but are not limited to:

    a.     Whether Defendant violated various provisions of the FDCPA;

    b.     Whether Plaintiffs and the Class have been injured by Defendants' conduct;

    c.     Whether Plaintiffs and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.    Whether Plaintiffs and the Class are entitled to declaratory and/or injunctive relief.

63.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  While the economic damages suffered by the individual class members are significant, the amount may be modest compared to the expense and burden of individual litigation. Additionally, the FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

64.    The claims of the Plaintiffs are typical of the claims of the members of the Class.

65.    The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

66.    Plaintiffs do not have interest antagonistic to those of the Class.

67.    The Class, of which Plaintiffs are a member, is readily identifiable.

68.    Plaintiffs will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel has investigated and identified potential claims in the action; has a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

69.    The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for STYLIANOU in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not

parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

70.    STYLIANOU has acted or refuse to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

71.    Plaintiffs do not anticipate any difficulty in the management of this litigation.

## POLICIES AND PRACTICES COMPLAINED OF

72.    It is STYLIANOU'S policy and practice to send written collection communications, in the form annexed hereto as Exhibit A, which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)    Sending collection letters, which are designed to overshadow the consumer notice informing the consumer of the right to dispute the alleged debt.

(c)    Sending collection letters, which are designed to confuse the least sophisticated consumer at to what she must do to effectively dispute the alleged debt.

(d)    Using unfair or unconscionable means to collect or attempt to collect any debt.

(d)    Depriving consumers of their right to receive the necessary and accurate information as to the amount of the debt.

(e)    Causing consumers to suffered a risk of economic injury.

(f)    Communicating with persons regarding the debt to another person other than the consumer.

## FIRST CLASS COUNT

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
## VIOLATION OF 15 U.S.C. § 1692g(a) et seq.

73.     Plaintiffs, on behalf of themselves and others similarly situated, repeats and reallages all prior allegations as if set forth at length herein.

74.     Defendant violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications to Plaintiffs and others similarly situated.

75.     Defendant violated 15 U.S.C. § 1692g of the FDCPA by failing to effectively provide the required validation information to Plaintiff's

76.     Section 1692g of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its communication with the consumer.

77.     Section 1692g(a)(3) of the FDCPA requires the debt collector:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (1)     the amount of the debt.
>
> (3)     Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.
>
> (4)     If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.
>
> (5)     If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor

78.    The email dated October 26, 2021 from Defendant did not contain the validation notice pursuant to 15 U.S.C. §1692g(a) *et seq.,*

79.    A debt collector has the obligation not just to convey each of the disclosures required by 15 U.S.C. § 1692g(a)  *et seq.*, but also to convey each disclosure clearly.

80.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication

81.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication

82.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor,

83.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

84.    Where an actual or apparent contradiction of the validation notice exists, the letter must include a reconciling statement to avoid the confusion that would result if the letter does not explain how the demand for payment fits together with the consumer's right to dispute the debt. See Wilson v. Quadramed Corp., 225 F.3d 350 (3d Cir 2000).

85.    Pursuant to the verification sent by Defendant, total amount of all debts, which Defendant was attempting to collect from Plaintiffs is $1,450.00.

86.    Defendant violated 15 U.S.C. §1692g(a)(1) by failing to state the amount of the debt.

87. Defendant further 15 U.S.C. §1692g(a)(1) failing to itemizing the debt by each Plaintiff.

88. Defendant violated 15 U.S.C. §1692g(a)(3) by demanding immediate payment and stating that Plaintiffs would suffer significant costs and penalties, within the thirty-day dispute period unless they make payment in full now as required.

89. Defendant's statements overshadows the disclosure of Plaintiffs' rights to dispute the debt(s).

90. The least sophisticated consumer upon reading the October 7, 2021 letter from Defendant will be confused as to their right to dispute the debt.

91. Defendant violated 15 U.S.C. §1692g(a)(3) by to effectively inform Plaintiffs of their right to dispute the debt.

92. The violations of the FDCPA described herein constitute *per se* violations.

93. Plaintiffs and the class members have been accorded a procedural right to protect their concrete interest in receiving certain information relating to their right to dispute an alleged debt and to invoke the consumer protections provided for by such dispute.

94. The deprivation of certain information relating to the consumers' right to dispute and alleged debt constitutes a sufficiently distinct injury to Plaintiffs and the class.

95. The deprivation of certain information relating to the consumers' right to dispute and alleged debt creates a cognizable injury-in-fact to Plaintiff and the class members.

96. Plaintiffs suffered an informational injury due to Defendant's violation of 15 U.S.C. § 1692g(a) *et seq.,* in connection with the communications of October 7, 2021 letter.

97. Plaintiffs suffered a risk of economic injury due to Defendant's violation of 15 U.S.C. § 1692g(a) *et seq.,* in connection with the communications of October 7, 2021 letter.

## SECOND CLASS COUNT

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e *et seq.*,

98.    Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

99.    15 U.S.C. § 1692e of the prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

100.    15 U.S.C. § 1692e(2)(A) false representation of the amount and/or character of the debt.

101.    Defendant violated Section 1692e(2)(A) by falsely representing the amount of the debt.

102.    The October 7, 2021 letter states "A review of your file shows…."

103.    Defendant reviewed Plaintiffs' files before sending the October 7, 2021 letter.

104.    Defendant's October 7, 2021 letter states "Amount Due: $1,575.00".  However, the verification supplied by Defendant show amount allegedly due of $1,450.00.

105.    Defendant further violated Section 1692e(2)(A) by falsely representing the character of the debt as the type of debt subject to penalties.

106.    15 U.S.C. §1692e(10) prohibits a debt collector from using any false or deceptive means to collect or attempt to collect a debt.

107.    Defendant violated 15 U.S.C. §1692e(10) by falsely representing that the debt was subject increase due to penalties.

108.    Defendant further violated 15 U.S.C. §1692e(10) by falsely representing that Section 807 of the FDCPA requires Plaintiffs to make immediate payment.

109.    Section 807 of the FDCPA does not create or place any consequences on a consumer who fails to make an IMMEDIATE payment in full.

110.    Defendant further violated 15 U.S.C. §1692e(10) by falsely representing that Section 809 of the FDCPA requires Plaintiffs to make immediate payment.

111.    15 U.S.C. §1692e(11) requires a debtor collector to include in all communications with a consumer a statement that the communication is from a debt collector.

112.    Defendant violated 15 U.S.C. §1692e(11) because the October 26, 2021 email did provide the required statements.

113.    Section 809 of the FDCPA does not create or place any consequences on a consumer who fails to make an IMMEDIATE payment in full.

114.    15 U.S.C. §1692e(5) prohibits a debt collector from threating to take any action that cannot legally be taken.

115.    Defendant violated 15 U.S.C. §1692e(5) by threating to add significant costs and penalties to the debt, which cannot legally be added.

116.    Plaintiffs suffered an informational injury due to Defendant's violation of 15 U.S.C. § 1692e *et seq.,* in connection with its communications of October 7, 2021 letter to Plaintiff.

117.    Plaintiffs suffered a risk of economic injury due to Defendant's violation of 15 U.S.C. § 1692e *et seq.,* in connection with its communications of October 7, 2021 letter to Plaintiff.

118.    By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e of the FDCPA, statutory damages, costs and attorneys' fees.

## THIRD CLASS COUNT

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692f(1)

119.    Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

120.    15 U.S.C. § 1692f(1) prohibits a debt collector from attempting to collect any amount incidental to the principal unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

121.    Defendant violated 15 U.S.C. § 1692f(1) by sending the October 7, 2021 letter, attempting to collect $1,575.00, when the verification supplied by Defendant states amount of $1,450.00 allegedly due.

122.    Plaintiffs suffered an informational injury due to Defendant's violation of 15 U.S.C. § 1692f(1) in connection with its communications of October 7, 2021 letter to Plaintiff

123.    Plaintiffs suffered a risk of economic injury due to Defendant's violation of 15 U.S.C. § 1692f(1) in connection with its communications of October 7, 2021 letter to Plaintiff.

124.    By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692f(1) of the FDCPA, statutory damages, costs and attorneys' fees

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys'

fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court

may deem just and proper.


Dated: December 15, 2021

_s/ Joseph K. Jones_
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com



## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

_s/ Joseph K. Jones_
Joseph K. Jones, Esq.


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court,

arbitration or administrative proceeding.

Dated: December 15, 2021

_s/ Joseph K. Jones_
Joseph K. Jones, Esq.

# Exhibit

# A

KATIE STYLIANOU, ESQ.
50 E. RIDGEWOOD AVE.
#395
RIDGEWOOD, NJ 07450
(800)356-3713 (201)670-8851

October 07, 2021

99KNMX
CHRISTINA HULIK

Client: PAUL STRAMBERG CPA
Amount Due:  $1,575.00

Dear CHRISTINA HULIK

YOU ARE HEREBY ADVISED that I am an attorney at law who has been retained
by the above referenced client to legally enforce your outstanding debt.

A review of your file shows that you have received numerous letters and
telephone messages regarding this matter. Your failure to respond has
necessitated this next course of action and caused your file to be placed
in lawyer review.

Your continuing refusal to satisfy this obligation will leave our client
with no choice but to pursue more serious remedies, including legal redress.
We urge you at this time to make IMMEDIATE payment in full, as per FDCPA
Sections 807, 809 and avoid the consequences of non-payment. Please forward
immediate payment in full to our office so that this matter may conclude
without additional complications.  Failure to make immediate payment may
result in significant costs and penalties being added to your existing
balance, and may cause my client to exhaust additional legal remedies.
Payment in full is now required.

Very Truly yours:

KATIE STYLIANOU, ESQ.

**Please note that this letter is an attempt to collect a debt.
Any information obtained will be used for that purpose.**

Unless you notify us within 30 days after receiving this notice that you dispute
the validity of the debt or any portion of it, this office will assume the debt
is valid. If you notify this office within 30 days from receiving this notice
this office will obtain verification of the debt or copy of Judgement against
you and mail you a copy of such. If you request this office in writing within 30
days after receiving this notice, this office will provide you with the name and
address of the original creditor, if it is different from the current creditor.

99KNMX KS1

# Exhibit

# B

*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f.  (646) 459-7973

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f.  (973) 244-0019

# Jones, Wolf & Kapasi
## LLC
### ATTORNEYS AT LAW

Joseph K. Jones, Esq.††
Benjamin J. Wolf, Esq.††
Anand A. Kapasi, Esq.†
Paul Gottleib, Of Counsel

††Admitted NY, NJ, CT
†Admitted NY, NJ

www.legaljones.com

*Reply to:  New Jersey*

October 29, 2021

<u>Via Email: kstylianou@collectionsolution.net and First Class Mail</u>

Katie Stylianou, Esq.
50 E. Ridgewood Avenue, #395
Ridgewood, New Jersey 07450

Re:    Christine Hulik
        Nataliya Hulik and Robert Hulik
        Your Client: Paul Stramberg, CPA

Dear Ms. Stylianou:

This firm has been retained to represent the interests of Christine Hulik, Nataliya Hulik, and Robert Hulik, relative to the above-referenced matter.  PLEASE TAKE NOTICE, that my clients hereby dispute the validity of the debt.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with my clients.  Furthermore, each hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to make contact *via* mobile telephone, (whether by calling), texting, land line, emailing or to any facsimile device.

As provided for under 15 U.S.C. §1692g(b), my clients dispute the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.  Kindly forward all such information via email or to our <u>New Jersey</u> office. Additionally, pursuant to 15 U.S.C. §1692e(8), if you are reporting credit information concerning this alleged debt, then you are obligated to report it as disputed.

Your anticipated cooperation in this matter is appreciated.

JONES, WOLF & KAPASI, LLC
*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.
jkj@legaljones.com

# Exhibit

# C

**Paul Stramberg LLC**
**336 West Passaic Street**
**Rochelle Park, NJ 07662**
**(201) 845-3995**
**pauls@strambergcpa.com**

---

September 17, 2021

Robert Hulik   and Nataliya Hulik

████████████

**Statement of Charges for Services Rendered:**

**Tax Preparation Fees:**
   Tax return preparation fee                                $        400.00


   **Total fee**                                             $        400.00

**Paul Stramberg LLC**
**336 West Passaic Street**
**Rochelle Park, NJ 07662**
**(201) 845-3995**
**pauls@strambergcpa.com**

---

October 29, 2021

Robert Hulik   and Nataliya Hulik

**Statement of Charges for Services Rendered:**

**Tax Preparation Fees:**

| | | |
|---|---|---|
| Tax return preparation fee | $ | 400.00 |
| | | |
| **Total fee** | $ | 400.00 |

Summary of Federal Form Charges:

| Description | Count |
|---|---|
| Form 1040 Worksheet | 1 |
| Form 1040 Individual Income Tax | 1 |
| Form 1040 Schedule 1 | 1 |
| Form 1040 Schedule 3 | 1 |
| Federal Information Worksheet | 1 |
| Identity Verification Worksheet | 1 |
| Form W-2 Worksheet | 1 |
| Form 1099-R Worksheet | 2 |
| Earned Income Worksheet | 1 |
| Social Security Benefit Worksheet | 1 |
| Other Income Statement | 1 |
| Student Loan Deduction Interest Wks | 1 |
| Education Tuition and Fees Wks | 1 |
| Tax Payments Worksheet | 1 |
| Qual Dividends/Cap Gain Tax Wks | 1 |
| Child Tax Credit Worksheet | 1 |
| Electronic Filing Information Wks | 1 |
| IRS E-file Authentication Stmt | 1 |
| Form 8879 E-file Signature Auth | 1 |
| Interest & Dividend Summary | 1 |
| Schedule E Supplemental Income | 1 |

| | |
|---|---|
| Schedule E Worksheet | 1 |
| Schedule E, p2 | 1 |
| Form 2848 Power of Attorney | 2 |
| Form 8453 Declaration for e-file | 1 |
| Form 8863 Education Credits | 1 |
| Form 8867 Pd Prep Due Diligence Cklt | 1 |
| Form 8995 Qual Bus Inc Ded Simpl Cmp | 1 |
| Qual Business Income Component Wks | 1 |
| Qual Bus Inc Deduction Summary | 1 |
| Form W-2/W-2G Summary | 1 |
| Form 1099-R Summary | 1 |
| Federal Carryover Worksheet | 1 |
| Tax Summary Report | 1 |
| Tax History Report | 1 |

*PLUS   NJ TAX RETURN .*

**Paul Stramberg LLC**
**336 West Passaic Street**
**Rochelle Park, NJ 07662**
**(201) 845-3995**
**pauls@strambergcpa.com**

September 15, 2021

Robert Hulik   and Nataliya Hulik

██████████████

**Statement of Charges for Services Rendered:**

**Tax Preparation Fees:**
Annual report filings *W adjustments.*          $          300.00

**Total fee**                                   $          300.00

**Paul Stramberg**

| | |
|---|---|
| **From:** | alexm <alexm@strambergcpa.com> |
| **Sent:** | Wednesday, September 8, 2021 12:48 PM |
| **To:** | ███████████████ |
| **Cc:** | pauls@strambergcpa.com |
| **Subject:** | Annual report |
| **Attachments:** | CertificateOfAnnualReport (4).pdf; CertificateOfAnnualReport (3).pdf; CertificateOfAnnualReport (2).pdf; CertificateOfAnnualReport (1).pdf; CertificateOfAnnualReport.pdf |

Hi Robert.

Please note that annual report has been filed for each of the five entities. Please find attached the annual report certificates.

Regards

Aleksandar Mitreski

**Paul Stramberg LLC**
**336 West Passaic Street**
**Rochelle Park, NJ 07662**
**(201) 845-3995**
**pauls@strambergcpa.com**

---

September 17, 2021

Robert Hulik   and Nataliya Hulik

█████████████

**Statement of Charges for Services Rendered:**

**Tax Preparation Fees:**
    Tax return preparation fee                  $      400.00

**Total fee**                                $      400.00

*Thank you for allowing me to be of service to you!*

**Paul Stramberg LLC**
**336 West Passaic Street**
**Rochelle Park, NJ 07662**
**(201) 845-3995**
**pauls@strambergcpa.com**

*TY 2020*

September 17, 2021

The Hulik Family Irrevocable Trust
Christina M. Hulik



**Statement of Charges for Services Rendered:**

**Tax Preparation Fees:**

| | | |
|---|---|---|
| Tax return preparation fee | $ | 750.00 |
| **Total fee** | $ | 750.00 |

*Thank you for allowing me to be of service to you!*

**Paul Stramberg LLC**
**336 West Passaic Street**
**Rochelle Park, NJ 07662**
**(201) 845-3995**
**pauls@strambergcpa.com**

Invoice # TY2020

---

October 29, 2021

The Hulik Family Irrevocable Trust
Christina M. Hulik

**Statement of Charges for Services Rendered:**

**Tax Preparation Fees:**

| | | |
|---|---|---|
| Tax return preparation fee | $ | 750.00 |
| **Total fee** | $ | 750.00 |

Summary of Federal Form Charges:

| Description | Count |
|---|---|
| Form 1041 Estates and Trusts Return | 1 |
| Fiduciary Information Worksheet | 1 |
| Interest and Dividend Income Wks | 1 |
| Carryover Worksheet | 1 |
| NOL Carryover Worksheet | 1 |
| Schedule E Supplemental Income | 2 |
| Schedule I Alternative Minimum Tax | 1 |
| Distributable Inc for Sch K-1 | 1 |
| Form 2848 Power of Attorney | 1 |
| Form 8879-F IRS e-file Sig Auth | 1 |
| Form 8995 QBI Simple Computation | 1 |
| Qualified Business Income Component | 5 |
| Qual Business Inc Deduction Summary | 1 |
| Five Year Tax History Report | 1 |

*PLUS NJS TAX RETURN*